UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON CHRISTOPHER WIDICK,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-00406-HBK[1]<br><br>ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>(Doc. No. 16) |

Pending before the Court is the parties' stipulated motion for award of attorney's fees filed on August 15, 2025. (Doc. No. 16). The parties agree to an award of attorney's fees and expenses to Plaintiff's attorney, Francesco P. Benavides of the Law Offices of Francesco Benavides, in the amount of $8,160.78 in attorney fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id*.).

On July 7, 2025, this Court granted the parties' stipulated motion for a remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. No. 13). Judgment was entered the same day. (Doc. No. 14). Plaintiff now requests an award of fees as the prevailing party. *See* 28 U.S.C. § 2412(a)

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

1  & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.
2  292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42
3  U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.
4       The EAJA provides for an award of attorney fees to private litigants who both prevail in
5  civil actions (other than tort) against the United States and timely file a petition for fees.  28
6  U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party
7  unless it finds the government's position was "substantially justified or that special circumstances
8  make such an award unjust."  *Id*.  Here, the government did not show its position was
9  substantially justified and the Court finds there are not special circumstances that would make an
10  award unjust.
11       Based on the stipulation, the Court finds an award of $8,160.78 in attorney fees and
12  expenses is appropriate.  EAJA fees, expenses, and costs are subject to any offsets allowed under
13  the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010).  If
14  the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not
15  subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted
16  to Plaintiff's counsel.
17       Accordingly, it is **ORDERED:**
18       1. The stipulated motion for attorney fees and expenses (Doc. No. 16) is **GRANTED**.
19       2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in
20  the amount of $8,160.78 in attorney fees and expenses.  Unless the Department of Treasury
21  determines that Plaintiff owes a federal debt, the government shall make payment of the EAJA
22  fees to Plaintiff's counsel, Francesco P. Benavides of the Law Offices of Francesco Benavides, in
23  accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.
24
25  Dated:     August 19, 2025
26                                                HELENA M. BARCH-KUCHTA
                                                  UNITED STATES MAGISTRATE JUDGE
27
28